**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4074

JAMES VERNON HARRIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4615

JAMES VERNON HARRIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4783

JAMES VERNON HARRIS,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-96-23)

Submitted: June 23, 1998

Decided: July 14, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant James Vernon Harris ("Harris") pled guilty pursuant to a plea agreement to two counts of possession with intent to distribute a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1) (1994), one count of possession with intent to distribute a Schedule II controlled substance in violation of§ 841(a)(1), and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (1994). At his second sentencing hearing, Harris orally moved to dismiss his counsel and withdraw his guilty plea, citing ineffective assistance of counsel. The district court denied this motion and sentenced Harris to 100 months' imprisonment.

Harris asserts on appeal that the district court erred in denying his motion to dismiss counsel. Specifically, Harris contends that the court failed "to apply the test of United States v. Mullen" in denying the motion and thereby denied his Sixth Amendment right to effective assistance of counsel. We disagree.

As the Government points out in its brief, United States v. Mullen[1]

_____

[1] 32 F.3d 891 (4th Cir. 1994).

does not establish a test that district courts must apply when considering motions to dismiss counsel. Rather, <u>Mullen</u> establishes three factors that an appellate court should consider when determining whether a district court abused its discretion in denying such a motion.[2]

Further, an examination of these factors: timeliness of the motion, adequacy of the court's inquiry into the defendant's complaint, "and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense,"[3] clearly indicates that the district court did not abuse its discretion in denying Harris's motion. First, Harris's motion was grossly untimely, coming at his second sentencing hearing--over six months after he pled guilty. Second, the district court made extensive inquiry into Harris's arguments as to why none of his three attorneys was adequate and received a variety of explanations, some involving allegations of lies, conspiracies, and Harris's belief that he was "set up." But as the Government points out, most of Harris's arguments in this regard were centered around his belief that he did not commit the crimes to which he pled guilty.

Finally, the district court heard considerable evidence that there was no significant breakdown in attorney/client communications. In fact, one of Harris's lawyers expressed surprise and claimed to be "bereft for comment"[4] when Harris suddenly informed the court that he was dissatisfied with his counsel. Nothing in the record indicates that Harris and his lawyers had come to a point where there was a "total lack of communication," and we agree with the Government's contention that Harris's dissatisfaction only arose when he began to contemplate the time of imprisonment he faced as a result of his guilty plea.

Therefore, we find that the district court did not abuse its discretion in denying Harris's motion and affirm Harris's convictions and sen-

_____

[2] <b><u>See id.</u></b> at 895; <u>see also United States v. Johnson</u>, 114 F.3d 435, 442 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5705).
[3] <b><u>Mullen</u></b>, 32 F.3d at 895.

[4] J.A. at 53.

tence. While we grant Harris's motions to file supplemental briefs pro se and have considered those materials, we find that none of the issues raised therein alters our disposition of this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

4